**Application of the E. KAHN'S SONS COMPANY.**

**Patent Appeal No. 7383.**

United States Court of Customs and Patent Appeals.

April 15, 1965.

Worley, Chief Judge, dissented.

William A. Smith, Jr., Washington, D. C. (Roy F. Schaeperklaus, James W.

Pearce, Cincinnati, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board affirming the examiner's refusal to register the words "The Wiener the World Awaited" as a trademark for bacon. No design features are asserted to be part of the mark although in actual use such features are sometimes employed.

The mark, as is apparent, is a slogan. It is used by The E. Kahn's Sons Company, of Cincinnati, Ohio, to promote the sale of various meat products. The instant application, serial No. 37,269, was filed September 16, 1957, to register the slogan on the Principal Register as a trademark for "sausage and bacon." The examiner's first action required that "the words 'and bacon' should be cancelled from the identification." The application stands rejected solely because those words are not cancelled.

The reason given for this requirement has been variously stated throughout the prosecution but has finally been taken, by both the solicitor and appellant, to be as thus stated in the examiner's answer:

"The ground for refusal is that the mark is used by applicant as part of advertising clauses calling the attention of the purchaser of applicant's bacon to the wieners which applicant sells and, as such, is not trademark use *to identify applicant's bacon.*" [Emphasis ours.]

The sole issue before us, therefore, is whether "The Wiener the World Awaited" has been used as a trademark on or in association with appellant's bacon. There is no issue as to registrability of the mark for *sausage,* that apparently being conceded by the Patent Office, nor

is there an issue as to secondary meaning, notwithstanding the fact four pages of the solicitor's brief are devoted to this subject.

The board said (emphasis ours):

"It is the Examiner's position that while the subject matter for registration is used as a trademark for sausage, such use as applicant has made of that term in connection with bacon has been *merely* to advertise applicant's wieners by calling the attention of the purchaser of applicant's bacon to the wieners which applicants [sic] also sells.

\* \* \* \* \* \*

"The above noted specimens [discussed below] do not evidence that applicant uses 'The Wiener The World Awaited' *to identify bacon* and distinguish that product from similar goods of others. \* \* \*

\* \* \* \* \* \*

"It is concluded that the subject matter for which registration is sought is not being used as a trademark for bacon and therefore cannot be registered as a trademark for bacon."

We disagree with this conclusion. Before explaining why, we wish to point out that although section 45 of the Trademark Act (15 U.S.C. § 1127), in defining "trademark," says that it must be used so as "to identify his goods," a requirement which the examiner and board have apparently been thinking of in saying that the slogan has not been used "to identify bacon," what the statute obviously *means* is "to identify *the* goods *as his*." In other words, the requirement is not that a trademark identify what the goods are but where they come from. Merchants are entitled to identify source in what may appear to be a ridiculous manner if they choose.

While appellant's slogan unquestionably does serve to advertise its wieners, as it appears on bacon packages, we disagree that this is its *sole* use or function. We believe it is *also* used *as a trademark* on bacon. What is this use?

The record includes a specimen of a container for one-half pound of bacon and a specimen of a container for two pounds of bacon. The smaller package prominently displays "The Wiener the World Awaited!" in large print, together with a platter of ten wieners in rolls and an illustration of applicant's packaged wieners. The descriptive goods designation "Hickory Smoked Bacon" also appears on the package. The two pound package shows the phrase "The Wiener the World Awaited" on a representation of a pennant, which is preceded by the phrase, in *much* smaller type, "Your family will also enjoy." The words "Sliced Bacon" appear prominently on the package. The bacon package, in other words, is waving the pennant bearing the house slogan, "The Wiener the World Awaited."

In addition, the record includes a specimen submitted with an affidavit of Raymond C. Wissel, appellant's Assistant Treasurer, and described by him as "an advertisement reproduced for use as a point of purchase banner or poster display \* \* \*." This specimen shows bacon slices stacked together and bacon being cooked, advertising copy, and the words "Hickory-Smoked BACON" and the slogan *in quotation marks* "The Wiener the World Awaited" immediately below the word BACON and preceded by the words "Another 'first' from Kahn's—home of." We think this specimen shows use within the meaning of the clause "or the displays associated therewith" in the section 45 definition of "Use in commerce." We are, of course, concerned here with the phrase of section 1 of the act: "The owner of a trade-mark used in commerce may register \* \* \*."

We believe that the three above described specimens establish trademark use by appellant on bacon.

The words "The Wiener the World Awaited" clearly constitute an *origin indicating* slogan, the affidavits of record having established that even to the satisfaction of the Patent Office, as to sausage. This being true, we think the slogan, when it appears on a package of

bacon, or a point of sale display associated with bacon, identifies that bacon as from appellant and also serves to "distinguish" that bacon from bacon "manufactured or sold by others."

Summarizing, although appellant's origin-identifying slogan has been so used on or in connection with the sale of its bacon as to constitute advertising of another product, wieners, it has at the same time, by its presence on the package, made it clear to purchasers, actual or potential, that the source of the bacon is the home of "The Wiener the World Awaited." That being so, it has served the basic function of a "trademark," as traditionally understood and also as specifically defined in the statute. The ground of rejection has not been well taken. It is not necessary that the slogan "identify bacon" but only its source.

The decision of the board is reversed.

Reversed.

WORLEY, Chief Judge, dissents.